IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:24-CV-689-MHT-KFP |
| ALLIED UNIVERSAL, et al., | ) ) ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Peter J. Smith filed this case in federal district court on October 29, 2024 (Doc. 1) but did not pay the filing fee nor file a motion for leave to proceed in forma pauperis. Smith is a prolific filer of federal civil actions; Court records establish that Smith is currently a plaintiff in at least eight other cases and has filed at least 46 other cases in the Middle District. At least one previous case was dismissed for failure to pay a filing fee or file a motion for leave to proceed in forma pauperis, *Smith v. Wendy's Inc.*, Case No. 2:24-cv-173-MHT-CWB, and in two other cases, one dismissed and one still pending, Smith was ordered to pay the filing fee or file a motion for leave to proceed in forma pauperis with a warning that failure to do so may result in a recommendation that the case be dismissed, *Smith v. Allied Universal*, Case No. 2:24-cv-461-RAH-CWB (Doc. 6);[1] *Smith v. Wendy's Inc.*, Case No. 2:24-cv-604-MHT-SMD (Doc. 5).[2] Thus, Smith was

---

[1] Entered on August 2, 2024.

[2] Entered on September 30, 2024.

aware that he cannot proceed in federal court without either paying a filing fee or filing a motion for leave to proceed in forma pauperis when he filed this case, so the Court does not believe that a show cause order is necessary to remind Smith of this fact.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice. *See Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).

It is further ORDERED that on or before **January 24, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of January, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE